UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY CIANCI and DANIEL CIANCI,<br><br>Plaintiffs,<br><br>-vs.-<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; SANOFI US SERVICES INC.; CHATTEM, INC.; PFIZER INC.; GLAXOSMITHKLINE, LLC,<br><br>Defendants. | CASE NO.<br><br>NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BI"), Pfizer Inc. ("Pfizer"), and GlaxoSmithKline LLC ("GSK") (collectively, "Removing Defendants") hereby give notice of removal of this action, *Cianci et al. v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. SOM-L-001187-22, from the Superior Court of New Jersey, Law Division to the United States District Court for the District of New Jersey. As grounds for removal, Removing Defendants state as follows:

**INTRODUCTION**

1.  This action is one of many individual lawsuits filed against manufacturers, distributors, and retailers of Zantac (ranitidine) relating to cancers allegedly caused by the drug. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA [N-Nitrosodimethylamine] formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases

for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 2,000 actions have been filed in or transferred to the Zantac MDL, with more (including this action) surely to follow.

2. On October 11, 2022, Plaintiffs Mary Cianci and Daniel Cianci filed this Complaint in the Superior Court of New Jersey, Law Division, Somerset County[1] against various manufacturers and/or distributors of Zantac. *See* Compl. ¶¶ 3-7. The thrust of this Complaint—like others in the MDL—is that Plaintiff Mary Cianci ingested Zantac and, as a direct and proximate result, developed cancer (in this case, kidney cancer). *Id.* ¶¶ 80-84. A copy of the Complaint is attached as **Exhibit 1**.

3. None of the properly joined Removing Defendants in this action are citizens are New Jersey.

4. In an effort to destroy diversity jurisdiction, however, Plaintiffs have improperly joined Sanofi US Services, Inc. ("Sanofi"), a New Jersey company.[2]

5. Sanofi is fraudulently joined in this action, because, on the face of the Complaint, it did not manufacture or sell the Zantac product that allegedly injured Plaintiff Mary Cianci. As the Complaint makes clear, Sanofi only acquired the marketing rights for over-the-counter Zantac in January 2017, *see* Compl. ¶ 3, ***three years after*** Plaintiff Mary Cianci's kidney cancer diagnosis. Accordingly, Plaintiffs cannot possibly state a cause of action against Sanofi for alleged injuries occurring in 2014.

---

[1] Although the Complaint indicates that the Complaint is being filed in Sussex County, the case number and docket appears within Somerset County.

[2] Defendant Chattem—a Tennessee corporation with its principal place of business in Tennessee—was the Sanofi affiliate responsible for distributing Zantac. *See* Compl. ¶ 5. Although Chattem is diverse from Plaintiffs, it is fraudulently joined for the same reasons as Sanofi.

## VENUE AND JURISDICTION

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 110, 1391, 1441(a), and 1446(a), because the Superior Court of New Jersey, Law Division, Somerset County, where the Complaint was filed, is a state court within the District of New Jersey.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because (1) there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants; (2) the amount-in-controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I. There Is Complete Diversity of Citizenship Between Plaintiffs and All Properly Joined Defendants.**

8. There is complete diversity of citizenship here because Plaintiffs are New Jersey citizens, and all properly joined Defendants are citizens of states other than New Jersey.

9. For purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. . . . to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

10. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. A limited liability company is a citizen of every state in which its members are citizens. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

12. Plaintiffs are residents of New Jersey, "currently residing in Dumont, New Jersey" and therefore are citizens of New Jersey. Compl. ¶¶ 1-2.

13. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 4. BI is, therefore, a citizen of Delaware and Connecticut.

14. Defendant GlaxoSmithKline LLC is a limited liability company.[3] GlaxoSmithKline LLCs sole member is GlaxoSmithKline Holdings (Americas) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 360 (3d Cir. 2013). GlaxoSmithKline LLC is, therefore, a citizen of Delaware. *Id.*

15. Defendant Pfizer is a corporation organized under the laws of Delaware with its principal place of business in New York. *Id.* ¶ 6. Pfizer is, therefore, a citizen of Delaware and New York.

16. Because Plaintiffs are citizens of New Jersey and all properly joined Defendants are citizens of states other than New Jersey, complete diversity exists. *See* 28 U.S.C. § 1332(a).

**II.  The Citizenship of Sanofi Should be Disregarded Because It is Fraudulently Joined.**

17. The Court should ignore the citizenship of Sanofi because it is fraudulently joined. On the face of the Complaint, Sanofi's Zantac product could not possibly have caused Plaintiff Mary Cianci's injury.

18. A non-diverse defendant is fraudulently joined and therefore ignored for purposes of determining diversity when "there is no reasonable basis in fact or colorable ground supporting

---

[3] Plaintiffs incorrectly allege that GlaxoSmithKline LLC is a Delaware corporation, rather than a limited liability company. *See* Compl. ¶ 7. Even if the Court were to view Plaintiffs' incorrect allegations as true, however, there is still diversity of citizenship between Plaintiffs and GSK.

the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (internal quotation marks omitted) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).  A claim lacks colorable ground if it is "'wholly insubstantial and frivolous.'" *See Sudnik v. Biomet, Inc.*, No. CV 18-14514, 2019 WL 2024508, at *3 (D.N.J. May 7, 2019) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).

19. Plaintiffs cannot state a colorable claim against Sanofi because, on the face of the Complaint, Sanofi's Zantac product could not possibly have caused Plaintiff Mary Cianci's alleged cancer.  "It is a fundamental principle of products liability law that a plaintiff must prove, as an essential element of his case, that the defendant manufacturer actually made the particular product which caused injury." *Namm v. Charles E. Frosst & Co.*, 178 N.J. Super. 19, 27 (App. Div. 1981) (internal quotation marks and citation omitted); *Vazquez v. MacGregor Sporting Goods, Inc.*, No. A-2180-12T3, 2014 WL 146445, at *2-3 (N.J. Super. Ct. App. Div. Jan. 16, 2014) (affirming dismissal of product liability action against defendants because defendants "had no connection with the manufacture, design, distribution, or sale of the [product]" in question); *Koruba*, 396 N.J. Super at 531 (affirming dismissal of plaintiff's product liability claim on summary judgment in the absence of any evidence that defendant "exercised control over the packaging or labeling of the product, knew or should have known of any defect in the product, or itself created the defect that caused the injury in issue").

20. Here, the Complaint alleges that Plaintiff Mary Cianci's use of Zantac caused her to develop kidney cancer in January 2014.  *See* Compl. ¶¶ 81-83.  But, as the Complaint makes clear, Sanofi did not start marketing or selling Zantac until January 2017—***three years after*** Plaintiff Mary Cianci's alleged injury.  *See id.* ¶ 3; *In re Pradaxa (Dabigatran Etexilate) Prod.*

*Liab. Litig.*, No. 3:12-CV-60092-DRH, 2013 WL 656822, at *6 (S.D. Ill. Feb. 22, 2013) (concluding defendants were fraudulently joined because there was "absolutely no causal link between [defendant] and the allegedly injurious product" where plaintiffs did not allege that defendants manufactured, sold, distributed, supplied, or was "in any way responsible" for the allegedly injury-causing medication). *Cf. Lopienski v. Centocor, Inc.*, No. CIV. A. 07-4519 FLW, 2008 WL 2565065, at *4-5 (D.N.J. June 25, 2008) (finding fraudulent joinder of a parent company, which did not manufacture or sell the prescription medication alleged to have caused plaintiff's injury); *Kline v. Mentor Worldwide, LLC*, No. 219CV00877WBSKJN, 2019 WL 3245102, at *2 (E.D. Cal. July 19, 2019) (finding holding company who "had no role in the manufacture or sale of the subject breast implants" fraudulently joined). It is therefore impossible for Sanofi's Zantac product to have caused Plaintiff Mary Cianci's alleged injury. Sanofi is fraudulently joined, and the Court should disregard Sanofi's citizenship.

**III.   The Amount-in-Controversy Exceeds $75,000.**

21.    Plaintiffs' claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

22.    "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Remand is only proper "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

23.    Courts routinely find that the amount-in-controversy requirement has been satisfied where, as here, a plaintiff alleges serious bodily injury. *See, e.g.*, *Hocker v. Klurfield*, No. CV 15-04262, 2015 WL 8007463, at *1-2 (E.D. Pa. Dec. 7, 2015) (amount-in-controversy requirement satisfied where plaintiff's alleged injuries included serious physical injuries that required surgery);

*Clark v. J.C. Penney Corp.*, No. CIV.A. 08-4083 (PGS), 2009 WL 1564175, at *4 (D.N.J. June 1, 2009) (amount-in-controversy requirement met where "[p]laintiff has alleged multiple serious, permanent, and disabling injuries"); *see also Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 522 (D.N.J. 1998) (finding defendant knew or should have known that amount in controversy exceeded jurisdictional requirement where personal injury complaint alleged "injuries causing disability, impairment, loss of enjoyment of life, pain and suffering, and he will suffer in the future"). New Jersey courts, moreover, have awarded compensatory and other damages in excess of $75,000 in other product liability actions including allegations of cancer. *See, e.g.*, *Lanzo v. Imerys Talc America, Inc. et al.*, JVR No. 1807270019 (N.J. Super. Ct. Apr. 5, 2018) (awarding $117 million for mesothelioma resulting from asbestos exposure in talcum powder products); *Rowe v. Borg Warner Morse Tec f/k/a Borg Warner, et al.*, JVR No. 1506030018 (N.J. Super. Ct. Feb. 24, 2015) (awarding $1.5 million for asbestos exposure leading to mesothelioma); *Kelly Mace v. Hoffmann-La Roche Lance Sager et al.,* 2008 WL 5455778 (N.J. Super. Ct. Dec. 10, 2008) (awarding $12,895,500 to three plaintiffs for serious bowel ailments and increased risk of colon cancer resulting from taking prescription acne medication).

24. Here, it is apparent from the face of the Complaint that the amount-in-controversy exceeds $75,000. The Complaint alleges that, as a result of Plaintiff Mary Cianci's use of Zantac, she suffered "serious injuries complained of herein," including kidney cancer, "great mental anguish," and other personal injuries. *See* Compl. ¶¶ 81, 115, 137, 204. Plaintiffs also allegedly sustained economic loss, including loss of income and loss of earning capacity. *See id.* ¶¶ 138, 204. And Plaintiffs seek several categories of damages, including actual, compensatory, exemplary, and punitive damages. *See id.* ¶ 204. Indeed, in another Zantac case in which the plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada denied a

motion to remand where the amount-in-controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi S.A.*, No. 2:20-cv-565-JCM-EJY, 2020 WL 1847682, at *3-4 (D. Nev. Apr. 13, 2020).

25. Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Numerous plaintiffs in these cases allege that they have been diagnosed with breast cancer, the same type of cancer that Plaintiffs here claim. *See, e.g.*, *Woodman v. Sanofi S.A.*, No. 20-CV-80819 (S.D. Fla.); *Watts v. Boehringer Ingelheim Pharm., Inc.*, No. 20-CV-80823 (S.D. Fla.). Although the Removing Defendants deny that Plaintiffs are entitled to any damages, like those cases, this case meets the requirements for federal diversity jurisdiction.

**IV.     All Other Removal Requirements Are Satisfied.**

26. The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b).

27. Defendant BI was served with the Complaint on October 27, 2022.

28. Defendant Pfizer was served with the Complaint on November 2, 2022.

29. Defendant GSK was served with the Complaint on November 7, 2022.

30. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

31. All Removing Defendants join in and consent to this removal.

32. Sanofi and Chattem are fraudulently joined and therefore are not required to join the removal.[4] *See supra* ¶¶ 15-18; *see also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921) ("[A defendant's] right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.").

33. Removing Defendants are providing Plaintiffs with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

34. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the New Jersey Superior Court.

35. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet, all process, pleadings, orders, and other documents on file with the Superior Court of New Jersey are attached hereto as **Exhibit 2**.

36. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. SOM-L-001187-22, pending in the Superior Court of New Jersey, Law Division—Somerset County, is removed to the United States District Court for the District of New Jersey, and request that this Court retain jurisdiction for all further proceedings in this matter.

---

[4] Sanofi's status as a named forum defendant also does not defeat removal under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2) because it has not been "***properly joined*** and served." *See id.* (emphasis added).

Dated:  November 28, 2022              Respectfully submitted,

By: */s/ Mark K. Silver*
Mark K. Silver
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-798-4950
Facsimile: 973-540-7300
Email: mks@spsk.com

Julia Zousmer
KING & SPALDING LLP
110 N Wacker Drive
Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
Facsimile: (312) 995-6330
Email: jzousmer@kslaw.com

*Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*/s/   Liza M. Walsh*
Liza M. Walsh
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973)-757-1100
lwalsh@walsh.law

*Attorney for Defendant Pfizer Inc.*

*/s/    Mark S. Cheffo*
Mark S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Email: mark.cheffo@dechert.com

Lindsey B. Cohan
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
Telephone: (512) 394-3000
Facsimile: (512) 394-2001
Email: lindsey.cohan@dechert.com

*Attorneys for Defendant GlaxoSmithKline LLC*